UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY THOMAS,

                            Plaintiff,                    DECISION AND ORDER

-vs-

                                                    16-CV-6222 CJS

RAPHAEL WEITZMAN, WEITZMAN
LAW OFFICES, LLC,

                            Defendants.
_____

RAPHAEL WEITZMAN, WEITZMAN LAW OFFICES,
LLC,

                            Third-Party Plaintiffs

-vs-

THE PERECMAN FIRM, P.L.L.C., BARON
ASSOCIATES, P.C., RICHMOND UNIVERSITY
MEDICAL CENTER aka RICHMOND MEDICAL
CENTER and MARK L. BRANDON, M.D.,

                            Third-Party Defendants.

_____

INTRODUCTION

      This is an action alleging legal malpractice, that was commenced in New York State Supreme Court, County of New York, and later removed to this Court.  Now before the Court are the following applications:  1) Plaintiff's motion to remand this action to state court or, in the alternative, to dismiss the third-party claims (Docket No. [#6]);  2) Defendant/Third-Party-Plaintiff's cross motion to dismiss claims against Raphael Weitzman, individually (Docket No. [#8][1]);  3) Defendant/Third-Party Plaintiff's motion for default judgment against

---

[1]The Court already denied other aspects of Defendant/Third-Party Defendants' motion [#8]. *See*, Order [#31].

Richmond University Medical Center (Docket No. [#20][2]); 4) Defendant/Third-Party Plaintiff's motion for default judgment against Mark L. Brandon, M.D. (Docket No. [#25]); and 5) Third-Party Defendant Mark L. Brandon, M.D.'s motion to set aside default and extend his time to answer (Docket No. [#33]).  For the reasons that follow, Plaintiff's application to remand is granted, the third-party action is dismissed and the remaining applications are denied as moot.

PROCEDURAL BACKGROUND

The following facts are pertinent to Plaintiff's motion to remand this action to New York State court.  On or about March 4, 2016, Plaintiff Tiffany Thomas ("Thomas") commenced the subject legal malpractice action against defendants Raphael Weitzman ("Weitzman") and Weitzman Law Offices, LLC ("Weitzman Law"), in New York State Supreme Court, New York County.  Thomas alleges that in 2013, Weitzman and Weitzman Law committed legal malpractice during their representation of her in a personal injury and medical malpractice action commenced in New York State Supreme County, Richmond County; according to Thomas, such legal malpractice resulted in the dismissal of her lawsuit. Thomas's Complaint alleges that she is a citizen of the State of Maryland, while Weitzman and Weitzman Law are citizens of New York State.

On or about April 1, 2016, Weitzman and Weitzman Law filed a verified answer with counterclaims against Thomas in Supreme Court, New York County, along with a demand to change venue.  The same day, Weitzman and Weitzman Law filed a Notice of Removal in this Court.  The Notice of Removal indicated that removal was appropriate based upon

---

[2]The Court already denied other aspects of Defendant/Third-Party Defendants' motion [#20]. *See*, Order [#31].

diversity jurisdiction, citing 28 U.S.C. § 1332(a), because Thomas is a citizen of Maryland, while Weitzman and Weitzman law are citizens of New York.

Although Weitzman and Weitzman Law are both citizens of New York, the Notice of Removal did not address the "forum defendant rule," 28 U.S.C. § 1441(b)(2), which states in pertinent part:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (2016).  The Notice of Removal did, however, allege that Weitzman and Weitzman Law had not been properly served with Thomas's summons and complaint, stating:

> Defendants have yet to be served with a copy of the Summons and Complaint.  On March 9, 2016, a copy of the Summons and Complaint was couriered to Defendants[, and o]n March 21, 2016, Defendants received a copy of the Summons and Complaint in the mail.

Notice of Removal ¶ 13.

After removing the action to this Court, on April 14, 2016, Weitzman and Weitzman Law filed a Third Party Complaint, against the law firm of Baron Associates, P.C. ("Baron"), Richmond University Medical Center ("Richmond Medical"), the Perecman Firm, P.L.L.C. ("Perecman Firm") and Mark L. Brandon, M.D. ("Brandon").  The Third Party Complaint indicated that this Court has supplemental subject matter jurisdiction over the third-party claims, pursuant to 28 U.S.C. § 1367(a).

On May 4, 2016, Plaintiff filed the subject motion [#6] to remand this action to state court, pursuant to 28 U.S.C. § 1447(c).  Plaintiff argues that remand is required, since the

"forum defendant rule" prevents Weitzman and Weitzman Law from removing the action since they are both citizens of New York States. *See*, Pl . Mem. of Law [#6] at pp. 7-8 ("Where, as here, Defendants have removed this action under 28 U.S.C.A. § 1332(a) based on diversity of citizenship, but have admitted that both reside within New York State, the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2) operates to preclude removal."); *see also, id.* at pp. 9-10.

As part of the motion to remand, Plaintiff submitted affidavits of service, indicating that Weitzman and Weitzman Law were properly served with Thomas's Summons and Complaint prior to removal.  More specifically, On March 30, 2016, process server Peter Lam ("Lam") completed affidavits indicating that, on March 9, 2016, at 5:04 pm, at the Weitzman Law Office located at 30 Wall Street, New York, New York 10005, he left the Summonses and Complaints with a "suitable person," Stephanie Pavora ("Pavora"), who apparently indicated that she held the title of "Business Document Specialist." (Rigelhaupt Aff. at ¶ 6 & Ex. 4, Docket No. [#6-4] at pp. 2-4).  Lam further indicated, in his affidavit concerning service on Weitzman individually, that in addition to leaving the Summons and Complaint with Pavora, he also mailed a copy of the Summons and Complaint to Weitzman, at 30 Wall Street, Eighth Floor, New York New York 10005, by First Class Mail, in an envelope marked "personal and confidential."  Plaintiff also submitted documentary evidence, taken from the website of the New York State Unified Court System, indicating that Weitzman and Weitzman Law maintain a law office at 30 Wall Street, Eighth Floor, New York, New York 10005.

On May 9, 2016, the Court issued a Motion Scheduling Order [#7] concerning the motion to remand, directing Weitzman and Weitzman Law to file and serve any opposing

papers on or before June 6, 2016, and directing Plaintiff to file and serve any reply by June 20, 2016. *See*, Motion Scheduling Order [#7].

On May 17, 2016, Weitzman and Weitzman Law filed their opposition to Plaintiff's motion to remand, along with a cross-motion to dismiss Weitzman individually from the action, on the ground that Plaintiff has no basis to pierce the corporate veil of Weitzman Law. *See*, Defendants/Third Party Plaintiffs "Declaration and Memorandum in Support of Defendants-Third Party Plaintiffs' Motion and in Opposition to Plaintiff's Motion" (Docket No. [#8] at pp. 27-28). Significantly, the opposition to the motion to remand did not address the "forum defendant rule," 28 U.S.C. § 1441(b)(2), upon which Thomas's motion to remand was based. Instead, Weitzman and Weitzman Law merely argued that complete diversity existed between themselves, as New York citizens, and Thomas, as a Maryland citizen, even though Thomas never disputed that fact. *See*, Weitzman Memo of Law, Docket No. [#8] at pp. 27-28.

However, elsewhere in Weitzman's response to the motion to remand and cross-motion to dismiss [#8], but separate from the discussion concerning the motion to remand, Weitzman and Weitzman Law argue that Thomas improperly served them at the commencement of the action. Specifically, they argue as follows, in pertinent part:

> A Stephanie Pavora was given the papers by the Plaintiff on March 9, 2016 at 5:04 pm, after business hours. Stephanie Pavora is not an employee or staff member at the actual place of business, dwelling place or usual abode of Defendant-Third Party Plaintiff Raphael Weitzman. Plaintiff in her Affidavit of Service provides Stephanie Pavora's relationship to Defendant-Third Party Plaintiff Raphael Weitzman as "Business Document Specialist." Further the envelope addressed to Defendant Third-Party Plaintiff Raphael Weitzman did not bear the legend "personal and confidential." Plaintiff thus violated the law of service as laid down in [New York Civil Practice Law and Rules] [("]CPLR[")]

5

§ 308. Plaintiff improperly served Summons and Complaint upon the Defendant Third-Party Plaintiff Raphael Weitzman not only as the papers were handed over to a person who has no unrelated [sic] to Defendant Third-Party Plaintiff Raphael Weitzman but also as the envelope did not state the required legend 'personal and confidential.' The foregoing is brought to the Court's attention to emphasize Plaintiff's claims against Defendants, improper service of process, which pales in comparison to their own actions.[3]

***

CPLR § 311 provides for personal service upon a corporation. In relevant part, it states that service is effective "upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service[.]" A Stephanie Pavora was given the papers by the Plaintiff on March 9, 2016 at 5:04pm, after business hours. Stephanie Pavora is not an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. Plaintiff in her Affidavit of Service provides Stephanie Pavora's is a "Business document specialist". Defendant-Third Party Plaintiff Weitzman Law Offices LLC have their principal place of business at Rochester, New York. Stephanie Pavora was given the Plaintiff's papers at an address of Defendant-Third Party Plaintiff Weitzman Law Offices LLC. This is in contravention to CPLR § 311. Further, the envelope containing the Summons and Complaint fails to address the same to Defendant-Third Party Plaintiff Weitzman Law Offices LLC and did not bear the legend "personal and confidential". Plaintiff improperly served Summons and Complaint upon the Defendant-Third Party Plaintiff Weitzman Law Offices LLC not only as the papers were handed over to a person who is not an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service but also as the envelope failed to address the Defendant-Third Party Plaintiff Weitzman Law Offices LLC at all. The foregoing is brought to the Courts attention to emphasize Plaintiff's claims against Defendants, improper

---

[3]This is a reference to the fact that in Thomas's underlying legal malpractice action, she alleges, among other things, that Weitzman and Weitzman Law failed to properly serve the defendants in her premises liability and medical malpractice actions, which led to the dismissal of those action.

> service of process, which pales in comparison to their own actions.

Docket No. [#8] at pp. 33-35.  As already mentioned, these statements appear in a document entitled "*Declaration* and Memorandum in Support of Defendants-Third Party Plaintiffs' Motion and in Opposition to Plaintiff's Motion." (emphasis added).  However, the submission is actually not a declaration or affidavit, as none of the factual averments in the document are sworn.

On June 20, 2016, Plaintiff filed a reply [#30] in support of her motion to remand this action to state court, in which she points out that Weitzman and Weitzman Law's opposition to her motion "completely misconstrue[d]," and failed to address, her argument concerning the forum defendant rule, 28 U.S.C. § 1441(b)(2). See, Pl. Reply [#30] at p. 3 ("Defendants have not addressed this issue in any manner whatsoever, nor did they even attempt to distinguish any of the cases cited by Plaintiff in support of the motion to remand.").  On the same day, third-party defendant Baron Associates, P.C., filed a memorandum of law [#27] in support of Plaintiff's motion to remand.  Baron's submission reiterates that remand is proper pursuant to the "forum defendant rule."

Upon the filing of Plaintiff's reply (and Baron's response), briefing on the motion to remand was complete, as per the Court's Motion Scheduling Order [#7], and all that remained to be done, on the motion to remand, was for the Court to hear oral argument, which was scheduled to occur on November 10, 2016.

However, over a month later, on July 22, 2016, Weitzman and Weitzman Law filed an additional submission, entitled "Defendants-Third Party Plaintiffs Opposition to Third-Party Defendants and Plaintiffs Motion and in Reply to Plaintiffs and Third-Party Defendants Opposition to Defendants Motion" [#34].  Curiously, the majority of the submission (eight out

7

of eleven pages) is directed at Plaintiff's motion to remand, even though briefing on that application was completed a month earlier. Also curiously, Weitzman now devotes eight pages of argument to the issue, whereas the original opposition brief devoted only a paragraph to the issue.[4] In any event, in the July 22, 206 submission, Weitzman and Weitzman Law argue, for the first time, that the "forum defendant rule" does not apply here, even though Weitzman and Weitzman Law are citizens of New York, because they had "not been *served* when the removal petition was filed."[5] In that regard, Weitzman and Weitzman Law now contend that removal is appropriate because service upon them was improper under NY CPLR § § 308 &311, although, they again provide no sworn statements to that effect.

On November 10, 2016, counsel for Plaintiff and Defendants appeared before the undersigned for oral argument.

DISCUSSION

Preliminarily, the Court notes that it will not consider Weitzman and Weitzman Law's submission [#34] that was filed on July 22, 2016. Pursuant to the Court's Motion Scheduling Order [#7], Weitzman and Weitzman Law were required to file and serve their response to the motion to remand on or before June 6, 2016. The subject submission [#34] was filed more than a month past the deadline, and Weitzman and Weitzman Law have not made any attempt to show good cause for the untimely filing. Additionally, the Court's Motion Scheduling Order [#7] contained the following language: "Papers must comply with the local

---

[4]Weitzman's argument concerning the motion to remand consisted of a long block quote from *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-72, 124 S.Ct. 1920, 1924-25 (2004), and a short paragraph of argument. Docket No. [#8] at pp. 27-28.

[5]Docket No. [#34] at p. 4 (emphasis added).

and federal rules of civil procedure (**papers not in compliance will not be considered**.") (emphasis in original). Here, regardless of how it is captioned, the subject submission [#34] amounts to a sur-reply insofar as it pertains to the motion to remand, and is therefore governed by Rule 7(a)(6), which states: "Absent permission of the judge hearing the motion, sur-reply papers are not permitted." Weitzman and Weitzman Law never requested permission to file a sur-reply. The submission [#34] was untimely and filed without the necessary permission from the Court. Consequently, the Court will disregard the subject submission [#34].

The Court further points out that even if the "forum defendant rule" did not apply, removal to this Court was improper, because this Court is not located in the federal judicial district in which the state court action was pending. 28 U.S.C. § 1441(a). When the Court asked Weitzman about this during oral argument, he conceded that according to 28 U.S.C. § 1441(a) the action should have been removed to the U.S. District Court for the Southern District of New York; however, he asserted that removal to this district was somehow nevertheless appropriate since he does not believe that venue is proper in the Southern District.[6] However, putting aside the questionable merit of Weitzman's venue argument, the proper procedure would have been for him to remove the action to the Southern District, and them move to transfer venue. There is simply no provision for this action to have been

---

[6] Docket No. [#6-2] at p. 38. Weitzman asserts that venue in the Southern District would be inappropriate because his primary office in New York State is in Rochester, New York, and that the Wall Street office in New York city is a secondary office. Putting aside the legal merit of such argument, the Court doubt's Weitzman's factual assertion for several reasons. To begin with, the instant action is the only action involving Weitzman, as an attorney or party, that has ever been filed in the U.S. District Court for the Western District of New York, and Weitzman was never admitted to practice in this district until the very day that he removed this action here. Moreover, a Westlaw search reveals no published cases involving Weitzman or Weitzman Law in any state court in upstate New York. However, the same Westlaw search identifies five such actions in the U.S. District Courts for the Southern and Eastern Districts, and three such actions in state courts downstate (First and Second Departments). Moreover, the only address for Weitzman listed either in Martindale Hubbell or on the New York State Unified Court System's Attorney Registration website is the Wall Street address in New York City.

9

removed from New York State Supreme Court, New York County, to this Court. For this reason alone, the action should be remanded.

Turning to the merits of Plaintiff's motion to remand, the law concerning such applications, insofar as they involve the "forum defendant rule," is well settled:

> Removal of a state-court action on the basis of diversity jurisdiction requires not only diversity between the opposing parties but also that no 'properly joined' defendant is a citizen of the forum state.
>
> In a challenge to the propriety of removal, the party seeking to remove an action bears the burden of establishing federal court jurisdiction. Courts must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff on a motion to remand, and removal statutes are construed narrowly. Out of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolve any doubts against removability. The federal removal statute authorizes removal of a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The forum defendant rule provides an exception to removal and prohibits removal where "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*. § 1441(b)(2). The principle behind allowing removal by nonresident defendants, similar to that of diversity jurisdiction, is that out-of-state parties might be subjected to undue prejudice in state courts, and thus ought to be afforded the opportunity to have their cases tried to an impartial forum.

*Fiskus v. Bristol-Myers Squibb Co.*, No. 14 CIV. 3931 PAC, 2014 WL 4953610, at *1 (S.D.N.Y. Oct. 1, 2014) (citations and internal quotation marks omitted).

Here, Plaintiff has argued that removal was not warranted, since both Weitzman and Weitzman Law are citizens of the State of New York. Such fact is not disputed. Additionally, Plaintiff maintains that both Weitzman and Weitzman Law were properly served prior to removal, as shown by Lam's affidavits of service. In opposition to Plaintiff's argument on this point, as discussed above, Weitzman and Weitzman Law merely argued

Case 6:16-cv-06222-CJS   Document 39   Filed 12/01/16   Page 11 of 12

that complete diversity existed between themselves and Thomas, making removal appropriate under 28 U.S.C. § 1332. Weitzman and Weitzman Law did not explain why the "forum defendant rule" would not apply to them, and in fact did not address the "forum defendant rule" at all. In particular, Weitzman and Weitzman Law never argued, in any timely submission,[7] that the "forum defendant rule" did not apply because they removed the action prior to being properly served. Plaintiff's argument on that point is therefore unchallenged, and the Court accordingly finds that Plaintiff's motion to remand should be granted.

However, even assuming *arguendo* that Weitzman's argument, concerning alleged improper service, had been properly raised in opposition to the motion to remand, the Court would nevertheless find that it lacks merit. Most significantly, Plaintiff makes only conclusory, unsworn statements concerning the alleged improper service. The Court also finds such argument unpersuasive in light of the conduct of Weitzman and Weitzman Law, which appears inconsistent with their claim of improper service. Namely, rather than simply move to dismiss the action for lack of personal jurisdiction, Weitzman and Weitzman Law filed answers, and a motion to change venue, in the state court action, and then removed the action to this Court at a cost of $400. In any event, the Court finds that Weitzman and Weitzman Law have not carried their burden to show that removal was proper.

---

[7]As previously noted, Weitzman and Weitzman Law's response to Plaintiff's motion to remand and alternative motion to dismiss contended that Weitzman and Weitzman Law were not properly served with Thomas's summons and complaint. However, such argument was not included in the portion of the Weitzman brief addressing the motion to remand; rather, the brief indicated that Weitzman and Weitzman Law were raising the ineffective-service-of-process argument in order to show the Court that the third-party defendants were guilty of the same misconduct for which Weitzman and Weitzman Law were being sued by Thomas. *See*, Docket No. [# 8] at pp. 33-35 ("The foregoing is brought to the Court's attention to emphasize Plaintiff's claims against Defendants, improper service of process, which pales in comparison to their own actions."). Accordingly, the Court does not consider such argument as being made in opposition to the motion to remand.

Having determined that the removed action must be remanded to state court, the Court also declines to exercise supplemental jurisdiction over the third-party action. *See, e.g., Ingemi v. Pelino & Lentz*, 866 F. Supp. 156, 163 (D.N.J. 1994) ("The third party complaint alleged claims arising from the same controversy as the malpractice action. Now that the malpractice action has been remanded, there are no independent grounds on which this court may base subject matter jurisdiction. In the third party action, third party plaintiffs and third party defendant are all residents of Pennsylvania and the complaint does not pose a federal question."); *see also, Brooklyn Hosp. Ctr. v. Diversified Info. Techs., Inc.*, 133 F. Supp. 2d 197, 203 (E.D.N.Y. 2001) ("Because the original action must be remanded to state court, I decline to exercise supplemental jurisdiction to consider the state law claims alleged in Diversified's third-party complaint against Grinnell.") (citing 28 U.S.C. § 1367(c)).

## CONCLUSION

Plaintiff's motion to remand [#6] is granted, and the action which was removed to this Court is remanded to New York State Supreme Court, New York County. The Third-Party Action is dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c). All other pending motions in this action are denied as moot. The Clerk of the Court is directed to close this action.

SO ORDERED.

Dated:     Rochester, New York
           December 1, 2016   ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge